DAVID M. MEEGAN (State Bar No. 114549)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
1545 River Park Drive, Suite 550
Sacramento, CA 95815
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

FILED
FEB - 5 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for Defendant
ROBERT K. FUJITA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### [Sacramento Division]

| | |
|---|---|
| In re:<br>ROBERT FUJITA,<br>Debtor. | Case No. 05-40060-C-7<br>Chapter 7 |
| ARLEEN OKIMOTO, FUJI'S ENTERPRISES, INC.,<br>Plaintiff,<br>v.<br>ROBERT FUJITA,<br>Defendant. | Adv. No. 06-02156-C<br>AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW<br>Trial Date: December 5, 2006<br>Time: 10:00 a.m.<br>Dept: 32<br>Judge: Hon. David E. Russell |

Trial of this matter was held on December 5, 2006. The Honorable David E. Russell presided. Robert Fong of CoBen & Associates appeared on behalf of plaintiff, Arleen Okimoto. David Meegan of Meegan, Hanschu & Kassenbrock appeared on behalf of the defendant, Robert Fujita.

After consideration of all the evidence and arguments, this Court makes the following findings of fact:

wpdocs-mary/fujita/findings-am

-1-

RECEIVED
February 02, 2007
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000673039

673039

NGS OF FACT AND CONCLUSIONS OF LAW

41

1. At the time Fujita filed his Chapter 7 Case on October 14, 2005 ("Fujita Bankruptcy Case"), plaintiff Arleen Okimoto ("Okimoto") was not owed any money by defendant, Robert Fujita ("Fujita" or "defendant") arising from the notes constituting the subject matter of this litigation.

2. Okimoto was not properly authorized to sue Fujita on behalf of Fuji Enterprises, Inc. ("Corporation").

3. All of the promissory notes executed by Fujita in favor of the Corporation constituting the subject matter of this litigation ("Promissory Notes") were properly authorized by the Corporation and its representatives. 

4. The Promissory Notes were more than repaid by Fujita through a combination of payroll deductions, cash infusions to the Corporation, and Fujita's performance of services for the Corporation without receiving other compensation.

5. Fujita committed no fraud in obtaining the loans constituting the subject matter of this action from the Corporation. 

6. Fujita did not borrow money from the Corporation with no intent to repay the money.

7. Plaintiff Okimoto is not personally owed any money on account of the Promissory Notes.

8. Fujita properly preserved the records of the Corporation.

9. There is no evidence that Fujita failed to preserve his own personal records.

10. If Fujita concealed, destroyed, or failed to preserve recorded information of the Corporation, including books, documents, records and paper, from which Fujita's financial condition or business transaction might be ascertained, such conduct was justified under all the circumstances of the case.

11. Plaintiffs have not proven the Fujita's stole, misappropriated, or embezzled or otherwise improperly took, any money or other property from the Corporation.

12. With the exception of one, all the Promissory Notes were due in full on or before the end of 1999. One $10,000 promissory note was due in full June 1, 2001.

13. There is no evidence that the due dates of the Promissory Note were extended. In light of the above, this Court reaches the following conclusions of law;

14. Okimoto lacked the capacity to recover on behalf of the Corporation the amounts due on account of the Promissory Notes.

15. The Promissory Notes have been paid.

16. Any recovery on account of the subject Promissory Notes is barred by the applicable statute of limitations.

17. Okimoto has no claim relating to the subject notes upon which to base action under 11 U.S.C. Sections 523 or 727 and, therefore, should not have brought this action, individually.

18. Even if the action had been properly brought by the Corporation and Okimoto, the evidence submitted supports the following additional conclusions of law;

    (a) There is no basis for denial of Fujita's discharge pursuant to 11 U.S.C. Section 727 (a)(3), or any other subsection of 11 U.S.C. Section 727.

    (b) There is no basis for entering a nondischargeable judgment against Fujita pursuant to 11 U.S.C. Section 523(a)(2).

    (c) There is no basis for entering a nondischargeable judgment against Fujita pursuant to 11 U.S.C. Section 523(a)(4).

    (d) There is no basis for entering a nondischargeable judgment against Fujita pursuant to 11 U.S.C. Section 523 (a)(6).

Dated: 02/05/07

HONORABLE DAVID E. RUSSELL,
JUDGE OF THE UNITED STATES BANKRUPTCY COURT

wpdocs-mary/fujita/findings-am

-3-

AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

APPROVED AS TO FORM:

Dated: February 1, 2007

MEEGAN, HANSCHU & KASSENBROCK

By: _____
DAVID M. MEEGAN
Attorney for Defendant
ROBERT FUJITA

Dated: February 1, 2007

SCOTT A. COBEN & ASSOCIATES

By: _____
ROBERT W. FONG
Attorney for: Plaintiffs
ARLEEN OKIMOTO and
FUJI ENTERPRISES, INC.

wpdocs-mary/fujita/findings-am

-4-

AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW